UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANTOINE EDWARDS #748056** | **CASE NO. 6:25-CV-00647 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WARDEN** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Antoine Edwards, Sr. ("Edwards"). Edwards is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges a conviction and sentence imposed in Orleans Parish.

Section 2254 confers jurisdiction upon federal courts to hear collateral attacks of state court judgments. *See* 28 U.S.C. § 2254. Section 2241 "specifies the court in which the petition must be brought." *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991). For prisoners like Edwards who are confined pursuant to a judgment and sentence of a state court in a state with more than one federal judicial district, § 2241(d) sets forth the district courts in which the petition must be filed:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in **the district court for the district wherein such person is in custody** or in **the district court for the district within which the**

> **State court was held which convicted and sentenced him** and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d) (emphasis added). Edwards is incarcerated within the jurisdiction of the Middle District of Louisiana, and he was convicted within the jurisdiction of the Eastern District of Louisiana. Therefore, this Court lacks jurisdiction.

Although the Court may, in the exercise of its discretion and in furtherance of justice, transfer the Petition to another district court, *id.*, transfer is not warranted here. Edwards has filed multiple habeas petitions in the Eastern District of Louisiana, some dismissed for lack of exhaustion, and some dismissed for failure to prosecute. *See Edwards v. Orleans Par. Dist. Attorney's Office,* 25-CV-210, 2025 WL 868194, at *1 (E.D. La. Mar. 7, 2025), *report and recommendation adopted*, 2025 WL 859478 (E.D. La. Mar. 19, 2025) ("This is the fourth time in three years that Edwards has filed for habeas corpus relief pursuant to § 2254"). Edwards is also subject to sanctions in the Eastern District. *See Edwards v. New Orleans Police Dept., et al.*, No. 23-3353, at Rec. Doc. 60.

Accordingly, IT IS RECOMMENDED that Edwards's § 2254 Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error.

THUS DONE in Chambers on this 14th day of October, 2025.

Carol B. Whitehurst
United States Magistrate Judge